

FILED
CLERK, U.S. DISTRICT COURT

MAY 1 2 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAN MURILLO, | ) | Case No. CV 14-2700-UA (PJWx) |
| Plaintiff, | ) ) | [~~PROPOSED~~] ORDER SUMMARILY REMANDING |
| v. | ) ) | IMPROPERLY-REMOVED ACTION |
| PATRICIA DESPLANTES, ET AL., | ) ) | |
| Defendants. | ) ) ) | |

    Before the Court is an unlawful detainer action that has been
removed from the Los Angeles County Superior Court.  For the following
reasons, the case is summarily remanded to the state court.

    On April 9, 2014, Defendant Patricia Desplantes, having been sued
in the Superior Court of Los Angeles in what appears to be a routine
unlawful detainer action, removed the action to this court.  Simply
put, because Plaintiff could not have brought this action in federal
court in the first place (because there is no subject matter
jurisdiction), Defendant cannot remove it.  See 28 U.S.C. § 1441(a);
and Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 563
(2005).  The case does not meet the requirements of 28 U.S.C. § 1331
because it does not raise a federal question.  See 28 U.S.C. §§ 1331.
And it does not meet the requirements of diversity jurisdiction

1  because, even assuming that Defendant could establish that there was

2  complete diversity of citizenship between the parties, she could not

3  show that the amount in controversy exceeds $75,000, as the Complaint

4  makes clear that there is less than $10,000 in dispute.  *See* 28 U.S.C.

5  §§ 1332.

6       Defendant argues that the case is removable under 28 U.S.C.

7  § 1443.  This provision allows a defendant to remove an action from

8  state court if she can show that the state court will not enforce

9  federal equal protection laws.  In order to remove a case under this

10 section, however, a defendant must do more than merely allege that the

11 state court will fail to enforce equal protection laws, she must also

12 allege that she attempted to invoke such a law and that the state

13 court refused to enforce it because a state law or constitutional

14 provision commanded the court to ignore federal law.  *See Patel v. Del*

15 *Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (holding petition for

16 removal under § 1443 must assert equal protection rights will not be

17 enforced by state court due to state statute or constitutional

18 provision that commands state court to ignore federal rights).

19 Defendant cannot do so here as nothing in the California Constitution

20 or any state law commands state judges to ignore federal equal

21 protection guarantees.  As such, this argument is rejected.

22       Accordingly, IT IS ORDERED that (1) pursuant to 28 U.S.C.

23 § 1447(c), this matter is REMANDED to the Superior Court of

24 California, County of Los Angeles, 1725 Main Street, Santa Monica,

25 California 90401; (2) the clerk shall send a certified copy of this

26

27

28

1   Order to the state court; and (3) the clerk serve copies of the Order

2   on the parties.

3          IT IS SO ORDERED.

4       DATED: ___5/7/14___

5
                                    GEORGE H. KING
6                                   UNITED STATES DISTRICT JUDGE

7   Presented by:

8

9   _Patrick J. Walsh_____

10  PATRICK J. WALSH
    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  S:\PJW\Cases-IFP\Civil duty IFP denials\Desplantes.wpd